IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| STEVE RIDDICK, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 7:20CV00081 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| JEFFREY B. KISER, et al., | ) | By: Hon. Thomas T. Cullen |
| | ) | United States District Judge |
| Defendants. | ) | |

Plaintiff Steve Riddick, proceeding pro se, filed this prisoner civil rights action under 42 U.S.C. § 1983. Among many others, he named April Mullins (sometimes also referred to as Mullens), a nurse, and C. Combs, a correctional officer, as defendants. An attorney with the Office of the Attorney General of Virginia ("OAG") waived service for many defendants in the case, but she notified the court that she was unable to waive service for Mullins or Combs because they were no longer employed by the Virginia Department of Corrections ("VDOC") when the case was served, and thus were not represented by the OAG at that time.

The United States Marshals Service accomplished personal service on Mullins and Combs in January 2021. In March 2021, Riddick filed motions for default judgment against Combs and Mullins. These parties—who are now represented by counsel—have responded to the substance of Riddick's claims and objected to Riddick's request for entry of default judgment. After review of the record, the court concludes that default judgment is not appropriate and that Riddick's motion seeking reconsideration of a separate order by the magistrate judge must be denied.

RELEVANT BACKGROUND

According to counsel's brief in response to Riddick's motion for default judgment (ECF No. 146), shortly after being served in January 2021, Combs contacted the OAG and obtained representation. Counsel states that, at that time, she inadvertently failed to note an appearance or submit a waiver of service on his behalf.[1] After Riddick filed a motion seeking default judgment against Combs in March 2021, counsel then noted an appearance on his behalf and objected to default judgment being entered against him. Counsel argues that, because of confusion over the names of the numerous defendants in the case, Combs's prompt response once he was served, and the fact that the amended complaint fails to state a § 1983 claim against Combs, default judgment is not warranted. Specifically, counsel represents that Combs's name is only mentioned in the caption of the amended complaint.[2]

April Mullins was also served with the amended complaint in January 2021, but the court did not receive a response from her. After Riddick moved for default judgment, a clerk's entry of default was docketed as to April Mullins on March 24, 2021,[3] and the court directed Mullins to respond within 14 days. Counsel noted an appearance on April 6, 2021, and moved on Mullins's behalf for an extension of time to file a response to the amended complaint. Mullins's counsel has not filed objections to the motion for default judgment.

---

[1] Counsel states in her brief, "[I]t appears from the docket sheet that a document was mistakenly filed on behalf of [Combs] in conjunction with the other Defendants represented by [counsel], therefore making it appear as though [Combs] was already represented," although no notice of appearance or waiver of service had been filed for him. (Resp. pg. 2, ECF No. 146.) The court notes that several docket entries for counsel's filings in this case also inadvertently included April Mullins months before she was represented.

[2] In opposition to this argument, Riddick states his belief that he has alleged a claim against Combs related to a loss of personal property items. (Resp. pg. 1, ECF No. 154.)

[3] Riddick then filed a second motion for default judgment against Mullins.

DISCUSSION

Under Federal Rule of Civil Procedure 55(a), when a party "has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Thereafter, whether to grant default judgment or set aside a default for good cause shown is within the court's discretion, "although the Fourth Circuit has a strong policy that cases be decided on the merits." *Garnier-Thiebaut, Inc. v. Castello, 1935 Inc.*, No. CV SDT-17-3632, 2019 WL 6696694, at *1 (D. Md. Dec. 6, 2019); *United States v. Shaffer Equip. Co.*, 11 F.3d 450, 462 (4th Cir. 1993). "However, default judgment is appropriate when the adversary process has been halted because of an essentially unresponsive party." *Id.* More broadly speaking,

> when deciding whether to set aside an entry of default, a district court should consider whether the moving party has a meritorious defense, whether it acts with reasonable promptness, the personal responsibility of the defaulting party, the prejudice to the party, whether there is a history of dilatory action, and the availability of sanctions less drastic.

*Payne ex rel. Estate of Calzada v. Brake*, 439 F.3d 198, 204-05 (4th Cir. 2006). Further, as noted above, the Fourth Circuit has "repeatedly expressed a strong preference that, as a general matter, defaults be avoided and that claims and defenses be disposed of on their merits." *Colleton Preparatory Academy v. Hoover Universal*, 616 F.3d 413, 417 (4th Cir. 2010). "Any doubts about whether relief should be granted should be resolved in favor of setting aside the default so that the case may be heard on the merits." *Tolson v. Hodge*, 411 F.2d 123, 130 (4th Cir. 1969).

On this record, the court cannot find that the litigation has been halted or delayed by parties intentionally refusing to respond or otherwise defend this action. The record reflects that most defendants in the case who were still employed by the VDOC responded promptly

to the amended complaint. Thus, the primary cause for Combs's and Mullins's delayed responses was the fact that they had left employment of the VDOC *before* the case was served. Once served with the amended complaint, Combs promptly contacted counsel for representation and filed his opposition to the motion for default judgment. Mullins did not respond as quickly after being served, but when warned of the impending entry of default, she immediately contacted counsel for assistance and sought additional time to respond to the complaint. Mullins's failure to respond directly to the motions for default judgment rests with counsel and will not be held against Mullins herself when she is clearly now seeking to defend against Riddick's claims.

Moreover, the record indicates that both Combs has a potentially valid defenses against Riddick's claims. The amended complaint does not describe, from Riddick's personal knowledge, any action that Combs took to deprive Riddick of his property items. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."). Thus, Combs has a meritorious defense.

Mullins also has a potentially meritorious defense. The amended complaint alleges that on April 5, 2019, after Riddick was injured in an altercation with officers, sprayed with mace, and placed in ambulatory restraints, Mullins failed to provide him with an inhaler or an ice pack or pain pills for rib pain. (Am. Compl. ¶¶ 14–15, ECF No. 12.) Another nurse who also examined Riddick while he was in ambulatory restraints on April 5, 2019, Mary Cantrell, moved for and was granted summary judgment on the ground that Riddick failed to exhaust administrative remedies as required under 42 U.S.C. § 1997e(a). (*See* Mem. Op. pgs. 8, 13–14,

ECF No. 156.) Thus, it is likely that Mullins could also raise a meritorious affirmative defense to Riddick's claims against her.

Finally, the court cannot find that Riddick was prejudiced by Combs's and Mullins's failure to respond in a timely manner. Indeed, Riddick himself has caused far more delay through his repeated attempts to amend his complaint and add additional defendants. Considering the totality of the circumstances, the court does not find that any sanctions for these defendants' defaults are warranted, let alone a sanction as drastic as default judgment. For the reasons stated, the court concludes that default judgment is not warranted against Combs or Mullins.

On a separate issue, Riddick seeks reconsideration of the magistrate judge's order entered March 12, 2021, denying his motion to subpoena medical documentation showing which nurses or other medical staff members failed to make appointments for Riddick sooner so that he can add § 1983 claims against such individuals. It is well established, however, that a nurse or other staff member cannot overrule a doctor's medical judgment regarding a patient's need for a medical appointment or the lack thereof. *See Patterson v. Smith*, No. 1:20CV202(AJT/MSN), 2020 WL 6928614, at *7 n.10 (E.D. Va. Nov. 24, 2020) (citing other cases). As such, the court agrees with the magistrate judge that the records sought would not support any viable § 1983 claim against anyone related to Riddick's Amended Complaint.[4] Therefore, Riddick's motion (ECF No. 158) will be denied.

---

[4] The court also notes that by opinion and order entered March 29, 2021, the court granted summary judgment for several medical defendants upon finding that Riddick had failed to prove exhaustion of administrative remedies as required under 42 U.S.C. § 1997e(a).

The clerk is directed to send copies of this memorandum opinion and accompanying order to plaintiff and to counsel of record for defendants.

**ENTERED** this 25th day of May, 2021.

/s/ *Thomas T. Cullen*
HON. THOMAS T. CULLEN
UNITED STATES DISTRICT JUDGE